813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter MARLOWE, deceased, Plaintiff,
and
Clare F. Marlowe, Appellant,
v.
NATIONAL MASOLEUM CORP., Appellee.
 No. 85-2393.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 12, 1986.
Decided Dec. 9, 1986.
 
 Before WINTER, Chief Judge, HALL, Circuit Judge, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 John J. Sabourin (Alan B. Croft, W. Michael Holm, Hazel, Beckhorn & Hanes on brief) for appellant. John Thorpe Richards (Barbara P. Beach, Ross, Marsh & Foster on brief) for appellee.
 PER CURIAM:
 
 
 1
 Walter Marlowe[1] appeals from two orders of the district court granting summary judgment in favor of National Mausoleum Corporation ("NMC" or "the corporation") in an action arising from a loan granted Marlowe by the corporation. To secure the loan of $155,000, Marlowe pledged his stock in NMC. Following a default, the corporation acquired the stock pursuant to strict foreclosure in total fulfillment of the obligation and returned it to the corporation treasury. Marlowe subsequently brought a diversity action seeking the right to redeem the stock.
 
 
 2
 In his complaint, Marlowe alleged that the corporation's strict foreclosure did not comply with the written notice requirements of the Virginia Uniform Commercial Code, Sec. 8.9-505. He also alleged that NMC breached certain terms of the stock pledge agreement.
 
 
 3
 On November 25, 1985, the district court ruled on cross-motions for summary judgment offered by both parties. Acting on the apparent belief that the parties had agreed that the notice issue was dispositive, the court held that Marlowe had received the statutory notice required by section 8.9-505 and dismissed the action.
 
 
 4
 Marlowe subsequently sought a reconsideration on the ground that his claims based on the alleged breach of the written agreement were still unresolved. In a second ruling on December 6, 1985, the court held that summary judgment in favor of NMC was appropriate as to all claims raised by Marlowe and again dismissed the action.
 
 
 5
 On appeal, Marlowe challenges the district court's grant of summary judgment on both the notice and breach of agreement issues. Upon consideration of the record, briefs and oral argument, we find his contentions to be without merit. The district court's analysis of this matter has been thorough and persuasive. Accordingly, we affirm the judgment below on the reasoning of the district court, as expressed in its rulings of November 25 and December 6, 1985. Marlowe v. National Mausoleum Corporation, C/A 85-772-A (E.D.Va. November 25, 1985; December 6, 1985).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 We were informed at oral argument that Walter Marlowe died recently and that this appeal is being maintained by his wife as personal representative of his estate. Because the record does not indicate an official substitution of parties, we have continued to refer to the appellant as Walter Marlowe